**LIONHEART HOLDING GRP**

v.

**PHILA CONTRIBUTION SHIP INS. CO., Appellant.**

**No. 08–1533.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 26, 2010.

Filed: March 4, 2010.

fense for which the sentence was imposed."

Steven C. Feinstein, Esq., Zenstein, Gallant & Parlow, Philadelphia, PA, for Lionheart Holding Grp.

Kimberly A. Boyer–Cohen, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Appellant.

Before: CHAGARES, STAPLETON, and LOURIE *, Circuit Judges.

## OPINION OF THE COURT

LOURIE, Circuit Judge.

Lionheart Holding Group, LLC ("Lionheart") appeals from the decision of the United States District Court for the Eastern District of Pennsylvania dismissing as untimely Lionheart's breach of contract claim against Philadelphia Contributionship Insurance Company ("PCIC").

*Lionheart Holding Group, LLC v. Phil. Contributionship Ins. Co.*, 534 F.Supp.2d 543 (E.D.Pa.2008). We will affirm.

## I. BACKGROUND

Lionheart owns property at 37 Byram Road in Point Pleasant, Pennsylvania. PCIC insured that property under a National Flood Insurance Program Standard Flood Insurance Policy ("SFI Policy") issued pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.* Both the SFI Policy, codified at 44 C.F.R. Pt 61, App. A(2), and the federal statute include a one-year statute of limitations on recovery once a claim for benefits under the Policy has been denied or partially denied.

On April 3, 2005, Lionheart's Byram Road property flooded. The flood caused serious damage to two buildings present on the property—a restaurant and a house. In June, Lionheart submitted a Proof of Loss to PCIC pursuant to its SFI Policy for the damages to both buildings.

On June 15, 2005, PCIC responded to Lionheart's insurance claim by letter. The letter stated that Lionheart's SFI Policy did not cover the house, which would require a separate policy, and that PCIC would be sending a check for $30,230.46 to cover the flood damage to the restaurant. The letter also informed Lionheart that because "a portion of your claim has been denied, you will have one year from the date of this letter to file suit in the U.S. District Court for the district in which the property was located at the time of the loss." On November 27, 2006, over seventeen months after PCIC's June 2005 letter, Lionheart brought suit against PCIC in the Eastern District of Pennsylvania seek-

* Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals for the Federal Circuit sitting by designation.

ing additional compensation under its SFI Policy for the damages to the restaurant. After the commencement of the lawsuit, on April 2, 2007, PCIC's counsel sent Lionheart a letter suggesting that Lionheart's claim had not been denied and that the statute of limitations had not yet begun to run.

PCIC filed a motion for summary judgment alleging that Lionheart's suit was barred by the SFI Policy's statute of limitations, which it argued had been triggered by the June 15, 2005, letter. On February 13, 2008, the District Court granted PCIC's motion. *Lionheart,* 534 F.Supp.2d at 543. The Court concluded that because PCIC's June 15, 2005, letter explicitly denied coverage of the house in response to a claim for both buildings under a single insurance policy, no reasonable jury could find that the letter did not constitute a denial or partial denial of Lionheart's claim. *Id.* at 545. Accordingly, the Court held that the letter triggered the SFI Policy's one-year statute of limitations, making Lionheart's suit, filed on November 30, 2006, untimely. *Id.* In so holding, the District Court found the April 2, 2007, letter sent by PCIC's counsel allegedly disclaiming the commencement of the statute of limitations irrelevant because the letter was sent after the statute of limitations had run and did not contravene the contents of the June 15, 2005, letter. *Id.* at 545 n. 1.

Lionheart timely appealed the District Court's summary judgment order. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

We review an order granting summary judgment *de novo,* applying the same standard as used by the District Court. *Nicini v. Morra,* 212 F.3d 798, 805 (3d Cir. 2000)(*en banc* ). Summary judgment is appropriate when there is no genuine issue as to any material fact so that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All facts must be viewed in the light most favorable to the non-moving party, and all reasonable inferences drawn in favor of the non-movant. *Nicini,* 212 F.3d at 806.

On appeal, Lionheart argues that the District Court erred in finding its suit time-barred by the SFI Policy's statute of limitations. Specifically, Lionheart contends that it submitted two claims under the Policy, one for each building, and that the June 15, 2005, letter denied Lionheart's claim for damage to the house, which was never covered, but did not deny any portion of its claim for the restaurant and thus did not trigger the statute of limitations with regard to the latter. This was confirmed, according to Lionheart, by PCIC's lengthy post–June 15, 2005, investigation and adjustment process for its restaurant claim and by the April 2, 2007, letter from PCIC's counsel, which indicated that the statute of limitations had not begun to run.

PCIC responds that there is no genuine issue of material fact that its June 15, 2005, letter constituted a partial denial of Lionheart's claim under the SFI Policy because the letter denied coverage of the house and expressly stated that a portion of the claim had been denied. Furthermore, according to PCIC, the April 2, 2007, letter sent by its counsel is irrelevant because, *inter alia,* it was sent after the statute of limitations had run and defense counsel cannot waive a statute of limitations mandated by federal law.

We agree with PCIC that the June 15, 2005, letter constituted a partial denial of Lionheart's claim for benefits under the

SFI Policy as a matter of law. PCIC sent the June 15, 2005, letter in response to Lionheart's insurance claim regarding damages sustained by the buildings on its Byram Road property. That letter denied Lionheart's claim with respect to the house, which the letter indicated was not covered by the SFI Policy, but confirmed that a check would be sent to cover the damages to the restaurant. The letter further explicitly informed Lionheart that because PCIC had denied a portion of Lionheart's claim, Lionheart had a year within which to file suit. It is therefore irrelevant whether Lionheart filed a single claim or separate claims for each building. Each claim sought benefits for damages arising from a single flooding event under a single SFI Policy. The letter thus triggered the SFI Policy's one-year statute of limitations, making Lionheart's suit, filed on November 30, 2006, untimely.

We also agree that the April 2, 2007, letter sent to Lionheart by PCIC's counsel fails to raise a genuine issue of material fact regarding the consequences of the June 15, 2005, letter. The SFI Policy's statute of limitations is governed by federal law and cannot be altered or waived by defense counsel. *See* 44 C.F.R. § 61.13(d) (stating that no provision of the SFI Policy shall be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator); *see also Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165–66 (3d Cir.1998). As such, the letter, even if it could be read as an attempt to alter or waive the statute of limitations, could not have had that effect.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's summary judgment holding that Lionheart's suit is barred by the applicable statute of limitations.